O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

RBC BEARINGS INCORPORATED, a
Delaware corporation,

                    Plaintiff,

        v.

CALIBER AERO, LLC, a
California limited liability
company; MARY ALVARADO, an
individual; DAVID McCULLOCH,
an individual; DAVID
RANKINE, an individual;
JEFFREY L. RINDSKOPF, an
individual; CHARLES SHARP,
an individual,

                    Defendants.
_____

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. SACV 12-01442 DDP (PLAx)

**ORDER GRANTING MOTION TO DISMISS
FOURTH CLAIM FOR RELIEF**

[Dkt. No. 16]

        Presently before the court is Defendants' Motion to Dismiss
Fourth Claim for Relief in First Amended Complaint for Failure to
State a Claim.

**I. Background**

        On or about September 11, 2006 Plaintiff RBC Bearings, Inc.
("RBC") acquired All Power Manufacturing Co. ("All Power").  (First
Amended Complaint ("FAC") ¶ 14.)  Defendants Mary Alvarado, David

1  McCulloch, David Rankine, Jeffery Rindskopf, and Charles Sharp were
2  employees of All Power and became employees of RBC after the
3  acquisition. (FAC ¶ 14.) As employees of RBC, Defendants were
4  subject to the terms and conditions set forth in RBC's Employment
5  Handbook, which acknowledges that employees maintain
6  confidentiality and that disclosing trade secrets or
7  confidentiality would result in disciplinary action. (FAC ¶ 16.)
8  Also, as a condition of their employment with RBC, the Defendants
9  agreed to RBC's Intellectual Property Agreement, which acknowledges
10 that employees will not disclose or use proprietary technical or
11 business information after employment with RBC. (FAC ¶ 17.)

12 At different times after the acquisition, Defendants Alvarado,
13 McCulloch, Rindskopf, Sharp and Rankine all resigned from RBC.
14 (FAC ¶ 19.) Rankine resigned after RBC acquired All Power,
15 Rindskopf resigned in September 2007, Sharp resigned in October
16 2007, McCulloch resigned in June 2009, and Alvarado resigned in
17 March 2012. (FAC ¶ 93-97.) Each Defendant participated in an exit
18 interview, upon their respective resignation, where RBC management
19 reviewed and discussed each Defendant's confidentiality obligations
20 to RBC. (FAC ¶ 19.)

21 During their respective exit interviews, Defendants
22 represented to Plaintiff that they would not disclose or use RBC's
23 confidential and proprietary information to compete against RBC.
24 (FAC ¶ 92.) Except for Rindskopf, each signed the Exit Interview
25 Termination Acknowledgment form, which acknowledges their agreement
26 not to disclose or use any trade secrets or confidential or
27 proprietary information of RBC without RBC's consent. (FAC ¶ 24.)
28

1    Plaintiff believes that Defendants have disclosed and used and
2   continue to disclose and use RBC's confidential and proprietary
3   information in their employment at Defendant Caliber Aero, LLC
4   ("Caliber") without Plaintiff's consent.  (FAC ¶¶ 101-102.)  RBC
5   did not learn that Defendants' representations were false until
6   August 15, 2012.  (FAC ¶ 105.)  Had RBC known that the
7   representations at the exit interview were false, it would have
8   immediately terminated Defendants' employment and would have taken
9   all action available at law or in equity to prevent any disclosure
10   or use of its confidential information. (FAC ¶ 107.)

11   **II. Legal Standard**

12    "A cause of action for fraud [under California law] requires
13   the plaintiff to prove (a) a knowingly false misrepresentation by
14   the defendant, (b) made with the intent to deceive or to induce
15   reliance by the plaintiff, (c) justifiable reliance by the
16   plaintiff, and (d) resulting damages." Glenn K. Jackson Inc. v.
17   Roe, 273 F.3d 1192 (9th Cir. 2001) (quoting Wilkins v. Nat'l
18   Broadcasting Co., Inc., 71 Cal.App.4th 1066, 1081, 84 Cal.Rptr.2d
19   329 (1999)); see also Cal. Civ. Code § 1572.

20    "To survive a motion to dismiss for failure to state a claim
21   under Rule 12(b)(6), a complaint generally must satisfy only the
22   minimal notice pleading requirements of [Federal] Rule [of Civil
23   Procedure] 8(a)(2)." Porter v. Jones, 319 F.3d 483, 494 (9th Cir.
24   2003). However, where a complaint includes allegations of fraud,
25   Federal Rule of Civil Procedure 9(b) requires more specificity
26   including an account of the "time, place, and specific content of
27   the false representations as well as the identities of the parties
28   to the misrepresentations." Edwards v. Marin Park, Inc., 356 F.3d

1058, 1066 (9th Cir. 2004) (citation omitted). "To comply with Rule
9(b), allegations of fraud must be specific enough to give
defendants notice of the particular misconduct which is alleged to
constitute the fraud charged so that they can defend against the
charge and not just deny that they have done anything wrong."
Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir. 2001)
(citation and quotation marks omitted).  Swartz v. KPMG LLP, 476
F.3d 756, 764 (9th Cir. 2007)

**III. Analysis**

      Defendants argue that Plaintiff has failed to state a claim in
its fraud cause of action because it fails to establish the
reliance prong with particularity.  Defendants focus exclusively on
the misrepresentations at the time of the exit interview and then
argue that Plaintiff could not have acted in reliance on them
because Defendants were already leaving its employ. "Each alleged
misrepresentation as to the future use of confidential information
was made by a defendant former employee upon their departure from
RBC.  As such, the FAC does not allege any conduct or decision that
was caused or influenced by these purportedly fraudulent
misrepresentations." (Mot. at 5.)  According to Defendants, the
only act Plaintiff could have taken had it not relied on the
misrepresentations would have been to terminate Defendants'
employment, but "defendants had already quit at the time of the
misrepresentations." (Mot. at 6.)  Thus, according to Defendants,
Plaintiff has failed to allege plausible reliance on the purported
misrepresentations.

      The court agrees with Defendants that Plaintiff could not have
terminated Defendants after they had already voluntarily left

4

1    Plaintiff's employ.  However, the court also finds that Plaintiff's

2    claims conceivably stem not only from the Exit Interview but from

3    prior representations by Defendants. Plaintiff alleges in its

4    Fourth Claim for Relief that Defendants "represented to Plaintiff

5    that they would not disclose or use RBC's confidential and

6    proprietary information to compete against RBC."  (FAC ¶ 92.)  "Had

7    RBC known the true facts, it would have immediately terminated

8    Defendants' employment with RBC and sought to take all action

9    available to it at law or in equity to prevent any disclosure or

10   use of its confidential information to any of its competitors."

11   (FAC ¶ 107.)  The representations upon which Plaintiff allegedly

12   relied were not only the misrepresentations during the Exit

13   Interview (FAC ¶¶ 24, 86), but also representations connected to

14   Defendants' consent to the Intellectual Property Agreement with

15   Plaintiff (FAC ¶ 66) and the terms of the Employee Handbook (FAC ¶¶

16   15-18, 73-74).

17        The court agrees with Defendants that this claim does not meet

18   the heightened pleading standard required in cases of fraud, since

19   it does not state with particularity the "time, place, and specific

20   content of the false representations" with respect to any alleged

21   misrepresentations that are not connected with the Exit Interview.

22   The court is not convinced that the claim is subject to amendment,

23   primarily because of the requirement to plead with particularity.

24   Nonetheless, the court grants Plaintiff leave to amend.

25   ///

26   ///

27   ///

28   ///

1       For these reasons, the court GRANTS the Motion to Dismiss the

2   Fourth Claim for Relief in First Amended Complaint with leave to

3   amend.   Any amendment shall be made within ten days of this order.

4

5

6   IT IS SO ORDERED.

7

8

9   Dated:November 30, 2012

10                                          DEAN D.  PREGERSON

11                                          United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28