O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RBC BEARINGS INCORPORATED, a Delaware corporation,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>CALIBER AERO, LLC, a California limited liability company; MARY ALVARADO, an individual; DAVID McCULLOCH, an individual; DAVID RANKINE, an individual; JEFFREY L. RINDSKOPF, an individual; CHARLES SHARP, an individual,<br><br>　　　　　　Defendants. | Case No. SACV 12-01442 DDP (PLAx)<br><br>**ORDER GRANTING MOTION TO DISMISS FOURTH CLAIM FOR RELIEF**<br><br>**[**Dkt. No. 16] |

　　　Presently before the court is Defendants' Motion to Dismiss Fourth Claim for Relief in First Amended Complaint for Failure to State a Claim.

**I. Background**

　　　On or about September 11, 2006 Plaintiff RBC Bearings, Inc. ("RBC") acquired All Power Manufacturing Co. ("All Power"). (First Amended Complaint ("FAC") ¶ 14.) Defendants Mary Alvarado, David

McCulloch, David Rankine, Jeffery Rindskopf, and Charles Sharp were employees of All Power and became employees of RBC after the acquisition.  (FAC ¶ 14.)  As employees of RBC, Defendants were subject to the terms and conditions set forth in RBC's Employment Handbook, which acknowledges that employees maintain confidentiality and that disclosing trade secrets or confidentiality would result in disciplinary action.  (FAC ¶ 16.) Also, as a condition of their employment with RBC, the Defendants agreed to RBC's Intellectual Property Agreement, which acknowledges that employees will not disclose or use proprietary technical or business information after employment with RBC.  (FAC ¶ 17.)

   At different times after the acquisition, Defendants Alvarado, McCulloch, Rindskopf, Sharp and Rankine all resigned from RBC. (FAC ¶ 19.)  Rankine resigned after RBC acquired All Power, Rindskopf resigned in September 2007, Sharp resigned in October 2007, McCulloch resigned in June 2009, and Alvarado resigned in March 2012.  (FAC ¶ 93-97.)  Each Defendant participated in an exit interview, upon their respective resignation, where RBC management reviewed and discussed each Defendant's confidentiality obligations to RBC.  (FAC ¶ 19.)

   During their respective exit interviews, Defendants represented to Plaintiff that they would not disclose or use RBC's confidential and proprietary information to compete against RBC. (FAC ¶ 92.)  Except for Rindskopf, each signed the Exit Interview Termination Acknowledgment form, which acknowledges their agreement not to disclose or use any trade secrets or confidential or proprietary information of RBC without RBC's consent.  (FAC ¶ 24.)

1    Plaintiff believes that Defendants have disclosed and used and
2 continue to disclose and use RBC's confidential and proprietary
3 information in their employment at Defendant Caliber Aero, LLC
4 ("Caliber") without Plaintiff's consent.  (FAC ¶¶ 101-102.)  RBC
5 did not learn that Defendants' representations were false until
6 August 15, 2012.  (FAC ¶ 105.)  Had RBC known that the
7 representations at the exit interview were false, it would have
8 immediately terminated Defendants' employment and would have taken
9 all action available at law or in equity to prevent any disclosure
10 or use of its confidential information. (FAC ¶ 107.)

**II. Legal Standard**

"A cause of action for fraud [under California law] requires the plaintiff to prove (a) a knowingly false misrepresentation by the defendant, (b) made with the intent to deceive or to induce reliance by the plaintiff, (c) justifiable reliance by the plaintiff, and (d) resulting damages." Glenn K. Jackson Inc. v. Roe, 273 F.3d 1192 (9th Cir. 2001) (quoting Wilkins v. Nat'l Broadcasting Co., Inc., 71 Cal.App.4th 1066, 1081, 84 Cal.Rptr.2d 329 (1999)); see also Cal. Civ. Code § 1572.

"To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint generally must satisfy only the minimal notice pleading requirements of [Federal] Rule [of Civil Procedure] 8(a)(2)." Porter v. Jones, 319 F.3d 483, 494 (9th Cir. 2003). However, where a complaint includes allegations of fraud, Federal Rule of Civil Procedure 9(b) requires more specificity including an account of the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." Edwards v. Marin Park, Inc., 356 F.3d

3

1058, 1066 (9th Cir. 2004) (citation omitted). "To comply with Rule 9(b), allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir. 2001) (citation and quotation marks omitted). Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007)

**III. Analysis**

Defendants argue that Plaintiff has failed to state a claim in its fraud cause of action because it fails to establish the reliance prong with particularity. Defendants focus exclusively on the misrepresentations at the time of the exit interview and then argue that Plaintiff could not have acted in reliance on them because Defendants were already leaving its employ. "Each alleged misrepresentation as to the <u>future use</u> of confidential information was made by a defendant former employee <u>upon their departure</u> from RBC. As such, the FAC does not allege any conduct or decision that was caused or influenced by these purportedly fraudulent misrepresentations." (Mot. at 5.) According to Defendants, the only act Plaintiff could have taken had it not relied on the misrepresentations would have been to terminate Defendants' employment, but "defendants had already quit at the time of the misrepresentations." (Mot. at 6.) Thus, according to Defendants, Plaintiff has failed to allege plausible reliance on the purported misrepresentations.

The court agrees with Defendants that Plaintiff could not have terminated Defendants after they had already voluntarily left

4

Plaintiff's employ.  However, the court also finds that Plaintiff's claims conceivably stem not only from the Exit Interview but from prior representations by Defendants. Plaintiff alleges in its Fourth Claim for Relief that Defendants "represented to Plaintiff that they would not disclose or use RBC's confidential and proprietary information to compete against RBC."  (FAC ¶ 92.)  "Had RBC known the true facts, it would have immediately terminated Defendants' employment with RBC and sought to take all action available to it at law or in equity to prevent any disclosure or use of its confidential information to any of its competitors." (FAC ¶ 107.)  The representations upon which Plaintiff allegedly relied were not only the misrepresentations during the Exit Interview (FAC ¶¶ 24, 86), but also representations connected to Defendants' consent to the Intellectual Property Agreement with Plaintiff (FAC ¶ 66) and the terms of the Employee Handbook (FAC ¶¶ 15-18, 73-74).

The court agrees with Defendants that this claim does not meet the heightened pleading standard required in cases of fraud, since it does not state with particularity the "time, place, and specific content of the false representations" with respect to any alleged misrepresentations that are not connected with the Exit Interview. The court is not convinced that the claim is subject to amendment, primarily because of the requirement to plead with particularity. Nonetheless, the court grants Plaintiff leave to amend.

///
///
///
///

For these reasons, the court GRANTS the Motion to Dismiss the Fourth Claim for Relief in First Amended Complaint with leave to amend. Any amendment shall be made within ten days of this order.

IT IS SO ORDERED.

Dated: November 30, 2012

DEAN D. PREGERSON
United States District Judge