1

2

3

4

5

6

7

8

9

10

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RBC BEARINGS INCORPORATED; a Delaware Corporation, ) ) ) | **Case No. 8:12-cv-1442-FMO-(PLAx)** |
| Plaintiff, ) ) | **[PROPOSED] PROTECTIVE ORDER** |
| v. ) ) | |
| CALIBER AERO, LLC, a California Limited Liability Company; MARY ALVARADO, an individual; DAVID MCCULLOCH, an individual; DAVID RANKINE, an individual; JEFFREY L. RINDSKOPF, an individual; CHARLES SHARP, an individual; and DOES 1 through 100, inclusive, ) ) ) ) ) ) ) ) ) | Complaint Filed:   August 31, 2012<br>Trial Date:           Not Set. |
| Defendants. ) ) _____ ) | |

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**AFTER REVIEW OF THE STIPULATION FILED BY THE PARTIES, AND FINDING GOOD CAUSE THEREFOR, THERE COURT HEREBY ORDERS AS FOLLOWS:**

The Court hereby APPROVES the Stipulation filed by Plaintiff RBC BEARINGS INCORPORATED ("Plaintiff" or "RBC"), and Defendants CALIBER AERO, LLC ("CALIBER"), MARY ALVARADO ("ALVARADO"), DAVID MCCULLOCH ("MCCULLOCH"), DAVID RANKINE ("RANKINE"), JEFFREY L. RINDSKOPF ("RINDSKOPF"), and CHARLES SHARP ("SHARP") (hereinafter collectively "Defendants") pursuant to Federal Rule of Civil Procedure 26(c) *et seq.* for the entry of a Protective Order in this action.

The Court hereby ADOPTS the following as the Protective Order herein and ENTERS such Order:

## PREAMBLE

WHEREAS, RBC and the DEFENDANTS (individually or collectively referred to herein as a PARTY or the PARTIES) acknowledge that during the course of this action certain information and documentation may be produced that are, or may, constitute a trade secret, confidential research, development, proprietary information, financial data, information protected by the right of privacy, and/or otherwise confidential commercial information. This information includes, without limitation, pricing information, cost information, engineering information, customer lists and databases, customer contact information, customer applications, minimum quantity orders and values, customer contracts, customer agreements, customer preferences, purchasing and delivery histories, contemplated projects, supply chain information, business operations, financial status, employee performance, sales processes, competitive marketing strategies, and profits & sales records of the PARTIES.

[PROPOSED] PROTECTIVE ORDER

1    WHEREAS, significant harm will result to the PARTIES if these confidential
2    documents and related information are not protected from public disclosure and/or
3    used by individuals or entities other than those who claim ownership to such.
4    Specifically, the PARTIES may suffer loss of stature and business advantage in their
5    competitive industries if specific procedures and policies that are currently protected
6    as proprietary and confidential trade information and/or trade secrets become
7    available to the public forum and or used by unauthorized individuals or entities.
8    Protection is necessary to ensure that proprietary and sensitive trade information and
9    financials do not lose their confidentiality and protection.

10    WHEREAS, the PARTIES each rely on such sensitive information to remain
11    competitive with regard to their respective businesses, and will be prejudiced if their
12    sensitive internal information is disclosed to or by, or used by, the public,
13    competitors, or other unauthorized third parties. Therefore, the PARTIES have
14    stipulated that this protective order (hereinafter, "Protective Order") may be entered
15    by the Court in this proceeding, and that the Order shall govern all such confidential
16    information produced during discovery in these proceedings.

## APPLICABILITY

18    1.    This Protective Order shall apply to, and shall govern, all documents,
19    things, discovery responses, and testimony designated by the disclosing PARTY in
20    good faith as constituting or containing confidential information pursuant to this
21    Protective Order.

## CONFIDENTIAL INFORMATION

23    2.    Material may be designated "CONFIDENTIAL" if the designating party
24    in good faith believes that disclosure of such material in this case without the
25    designation may present a risk of injury to the legitimate business interests of the
26    disclosing party or any other legitimate interest.  Confidential information includes,
27    but is not limited to, trade secrets (as defined by the  California Uniform Trade
28    Secrets Act, California Civil Code, §§ 3426, *et seq.*), all materials reflecting, referring

[PROPOSED] PROTECTIVE ORDER

to, or evidencing any information deemed confidential by any local, state, or federal statute, ordinance, regulation, or other law, business plans or forecasts, customer information, prospective customer information, formulae, methods, techniques, pricing, compensation plans, commission plans, employee performance information, financial plans and forecasts, operational plans and forecasts, information protected by the right of privacy, and all private or sensitive commercial, financial, personal or personnel, underwriting, rating, claims and insurance policy information.

3.      The disclosing PARTY shall designate any document containing confidential information by stamping on at least the first page thereof a notice reading "CONFIDENTIAL" or its equivalent. The disclosing PARTY shall designate things as containing confidential information by stamping or marking them in a similar manner, to the extent practicable. When confidential information is disclosed in a form not appropriate for such stamping or marking, it shall be designated in writing as CONFIDENTIAL at the time it is delivered to the receiving PARTY. The term "CONFIDENTIAL INFORMATION" is used hereinafter to mean confidential information that has been designated as CONFIDENTIAL pursuant to this Protective Order.

4.      Except upon further order of the Court or by express written consent of counsel for the disclosing PARTY, CONFIDENTIAL INFORMATION furnished in this litigation shall not be disclosed by the receiving PARTY to any person or entity other than:

    (a)    Counsel of record, including employees of counsel of record (such as paralegals, clerks, secretaries, associates, and partners) actively engaged in this litigation;

    (b)    The PARTIES and the employees of the respective PARTIES, including in-house counsel, if any, who are actively engaged in assisting and/or advising counsel regarding the conduct of this litigation. Each PARTY hereto represents that the employee and their secretaries have been (or

will be prior to receiving CONFIDENTIAL INFORMATION) informed of the terms of this Protective Order and have agreed (or will agree prior to receiving any CONFIDENTIAL INFORMATION) to be bound by its terms and conditions;

(c)     Independent accountants and experts retained by the PARTIES for the purposes of this litigation, either personal or corporate (and the professional secretarial and clerical staff of such entities);

(d)     Court reporters and necessary support personnel of such court reporters retained in connection with depositions taken or testimony provided during the course of this action by any party in this litigation to the extent necessary to transcribe such testimony and identify exhibits marked;

(e)     Service bureaus engaged by counsel of record to perform clerical-type services in connection with this litigation, e.g., photocopying, imaging, computer data entry, and the like;

(f)     Employees of a PARTY's insurance carrier, if any, that may cover damage claims made in connection with this lawsuit;

(g)     The Court and its staff; and

(h)     Non-party deponents during depositions or non-party witnesses during hearings.

5.     Prior to the disclosure to any person identified in paragraphs 3(c), 3(e), 3(f), and 3(h) hereof of an opposing PARTY's CONFIDENTIAL INFORMATION, such person shall be furnished with a copy of this Protective Order and shall be required to execute an acknowledgment, in the form of Attachment "A" hereto, that the person has read this Protective Order and agrees to be bound by its terms, including the obligation to protect such confidential information from discovery by unauthorized co-employees and third persons.

6.     The PARTIES acknowledge and agree that this Protective Order shall

[PROPOSED] PROTECTIVE ORDER

1    not be deemed to be a waiver of any of the PARTIES' rights or remedies, other than

2    those expressly waived herein.

3    **CONFIDENTIAL INFORMATION FOR TRIAL COUNSEL ONLY**

4        7.     A party may also designate material as "ATTORNEYS' EYES ONLY."

5    ATTORNEYS' EYES ONLY material must meet the CONFIDENTIAL designation

6    requirements of Paragraph 2 and the designating party must believe in good faith that

7    the information is so proprietary or competitively sensitive that its disclosure to

8    persons other than those enumerated in Paragraph 8, below, could cause irreparable

9    competitive or other injury to one of the PARTIES (for instance, by giving one of the

10    parties a competitive advantage).

11        8.     ATTORNEYS' EYES ONLY material shall be designated using the

12    notice: "ATTORNEYS' EYES ONLY," or the equivalent, instead of the notice set

13    forth in Paragraph 3. Except upon further order of the Court, or by express written

14    consent of counsel for the disclosing party, disclosure of documents, things and

15    testimony designated ATTORNEYS' EYES ONLY, and any information contained

16    therein, shall be restricted by the receiving PARTY solely to:

17        (a)     persons identified in paragraph 3(a) hereof;

18        (b)     persons identified in paragraph 3(c) hereof;

19        (c)     persons identified in paragraph 3(d) hereof;

20        (d)     persons identified in paragraph 3(g) hereof; and

21        (e)     persons identified in paragraph 3(h) hereof.

22        9.     Prior to the disclosure to any person identified in paragraphs 3(c), and

23    3(h) hereof of an opposing PARTY's ATTORNEYS' EYES ONLY material, such

24    person shall be furnished with a copy of this Protective Order and shall be required to

25    execute an acknowledgment, in the form of Attachment "A" hereto, that the person

26    has read this Protective Order and agrees to be bound by its terms, including the

27    obligation to protect such confidential information from discovery by unauthorized

28    co-employees and third persons.

## SPECIAL PROVISIONS FOR DEPOSITIONS

10.    Prior to, during the deposition, or within a reasonable time after receiving the deposition transcript of any person, any PARTY may designate the entire deposition or any portion thereof as CONFIDENTIAL INFORMATION, in which case it shall be so considered and treated as within the terms of this Protective Order. The original and all copies of any such deposition transcripts shall be considered to contain CONFIDENTIAL INFORMATION and shall be marked by the court reporter with the notice "CONFIDENTIAL INFORMATION COVERED BY PROTECTIVE ORDER" or the equivalent.

11.    Where a PARTY believes in good faith that a question at a deposition may elicit information that would be entitled to be treated as ATTORNEYS' EYES ONLY pursuant to Paragraph 7 hereof, that PARTY shall be entitled to require the exclusion from the deposition, during the period that such information may be disclosed, of any persons other than those identified in Paragraphs 3(a), 3(c), 3(d), 3(g), and 3(h) hereof.

## SUBSEQUENT DESIGNATION OF TESTIMONY, DOCUMENTS AND THINGS

12.    Failure of counsel to designate and/or mark any document, thing or testimony as CONFIDENTIAL INFORMATION or as ATTORNEYS' EYES ONLY as provided above shall not preclude the disclosing PARTY from thereafter in good faith making such a designation and requesting the receiving party to so mark and treat such documents and things so designated. After such designation, such documents and things shall be fully subject to this Protective Order and treated thereafter according to the new or corrected designation. The receiving PARTY, however, shall incur no liability for disclosures made prior to notice of such designations.

## FILING WITH THE COURT

13.    Any    materials    or    information    which    a    PARTY    designates    as

[PROPOSED] PROTECTIVE ORDER

CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY to be filed or lodged with the Court (or referred to in documents filed with the Court, including deposition transcripts, answers to interrogatories, briefs, memoranda, affidavits, and the like), shall be accompanied by an application to file the papers—or the confidential portion thereof—under seal pursuant to Local Rule 79-5; the application must show good cause for the under seal filing.  The application shall be directed to the judge to whom the papers are directed.  Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.

14.    Any paper copies of documents filed under seal that are delivered to the Court shall be maintained *in camera* by presenting the same in a sealed envelope or other appropriate sealed container which shall bear the caption of this litigation, an indication of the nature of the contents of such sealed envelope or other container, the words "CONFIDENTIAL–FILED UNDER SEAL PURSUANT TO STIPULATED PROTECTIVE ORDER," and a statement in substantially the following form: "This envelope contains confidential information filed in this case by [name of party], and is not to be opened, nor the contents thereof displayed or revealed, except by Order of the Court."

## LIMITATIONS ON RESTRICTIONS

15.    The restrictions and obligations set forth in this Protective Order shall not apply to documents, materials, testimony or information which:

(a)    are, or become, public knowledge, other than through violation of the terms of this Protective Order;

(b)    are acquired by a non-designating party from a third party lawfully possessing such information and having no obligation of confidentiality to the designating party;

(c)    was lawfully possessed by a non-designating party prior to the opening of discovery in this proceeding;

(d)    are disclosed by a non-designating party legally compelled to disclose the information; or

(e)    are disclosed by a non-designating party with the approval of the designating party.

16.    Nothing in this Protective Order shall restrict a PARTY or its counsel from: using or disclosing documents, materials, testimony or information which they already possess or acquire by proper means independent of the formal discovery process in this action; disclosing documents to an individual who either prepared or reviewed the document prior to the filing of this action; or using any information or documents at a deposition of the disclosing PARTY or any of its employees.  This Protective Order shall not prohibit a PARTY's counsel from contacting any person merely because that person's identity is disclosed in documents, materials, testimony or information that has been designated pursuant to the terms of this Protective Order. The restrictions and obligations set forth herein shall not be deemed to prohibit discussions with any person of any information if the person already has or obtains legitimate possession thereof.

## REMOVAL FROM CONFIDENTIALITY

17.    If the receiving PARTY disagrees with a CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY designation, it may notify counsel for the disclosing PARTY in writing of such disagreement by specifically identifying the CONFIDENTIAL INFORMATION the receiving PARTY contends is not CONFIDENTIAL or ATTORNEYS' EYES ONLY, and by requesting that the designation be changed.  After receipt of such request, both PARTIES will confer in good faith as to the proper status of such information. If the PARTIES are unable to reach agreement, the disclosing PARTY may apply to the Court to uphold the designation of such information, pursuant to Local Rule 37.  If the parties wish to file the Joint Stipulation required by Local Rule 37 under seal, the parties may file a stipulation to that effect or the moving party may file an ex parte application making

[PROPOSED] PROTECTIVE ORDER

the appropriate request.  The parties must set forth good cause in the stipulation or ex parte application as to why the Joint Stipulation or portions thereof should be filed under seal.  At any hearing or briefing with respect to such designation, the disclosing PARTY shall have the burden of establishing the confidentiality of the particular CONFIDENTIAL INFORMATION or the necessity of designating information as ATTORNEYS' EYES ONLY. While such application and ruling are pending, the receiving PARTY shall treat such information as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY under this Protective Order as designated by the disclosing PARTY. No PARTY shall be obligated to challenge the propriety of a confidential designation, and a failure to do so during or after this litigation shall not preclude a subsequent challenge to the propriety of such designation.

### DISCLOSURE AT TRIAL

18.    Once a case proceeds to trial, all of the information that was designated as confidential and/or kept and maintained pursuant to the terms of this protective order becomes public and will be presumably available to all members of the public, including the press, unless good cause is shown to the district judge in advance of the trial to proceed otherwise.

### GENERAL PROVISIONS

19.    This Protective Order shall be without prejudice to the right of any PARTY to object or oppose production of any information for lack of relevance or any other ground other than the mere presence of CONFIDENTIAL INFORMATION. The existence of this Protective Order shall not be used by any PARTY as a basis for discovery that is otherwise not proper under the Code of Civil Procedure.

20.    The PARTIES acknowledge and agree that this Protective Order shall not be deemed to waive any of the PARTIES' rights or remedies, other than those expressly waived herein.

21.    Each person that receives materials designated CONFIDENTIAL or

[PROPOSED] PROTECTIVE ORDER

ATTORNEYS' EYES ONLY, or their equivalent, or information contained therein:

    (a)    shall not use the materials or information for any other purpose other than in connection with the conduct of this litigation;

    (b)    shall agree to subject himself/herself/itself personally to the jurisdiction of this Court, solely for the purpose of proceedings relating to the performance under, compliance with, or violation of this Protective Order;

    (c)    shall not disclose such materials or information to any person to whom disclosure is not authorized by the express terms of this Protective Order; and

    (d)    shall maintain such materials or information in a secure and safe area, exercising all reasonable standards of due and proper care with respect to the storage, custody, and use of such materials or information, such that the materials or information are not further disclosed or used, either intentionally or unintentionally, in any manner inconsistent with this Protective Order.

22.    Any third party producing materials in this action may be included in this Protective Order by endorsing a copy of this order and delivering it to the party requesting materials, who, in turn, will serve it upon counsel for the other PARTIES.

23.    Within (60) days after entry of dismissal of this action, or termination of this case by way of satisfied settlement, counsel for the PARTIES shall assemble and deliver to each other all documents containing or referencing CONFIDENTIAL or ATTORNEYS' EYES ONLY material. In the event of third party confidential information, such documents shall be delivered to the counsel for the PARTY asserting the confidential designation. In the alternative, the producing PARTY and receiving PARTY may further stipulate in writing that all or some documents containing CONFIDENTIAL or ATTORNEYS' EYES ONLY information may be destroyed so long as an appropriate certification satisfactory to the PARTY asserting

[PROPOSED] PROTECTIVE ORDER

confidential designation is provided. All copies of deposition transcripts bearing a CONFIDENTIAL or ATTORNEYS' EYES ONLY designation, whether written or video, shall be delivered to counsel for the PARTY asserting such designation. All "rough" deposition transcripts and excerpts bearing a CONFIDENTIAL or ATTORNEYS' EYES ONLY designation shall be returned, destroyed or deleted, and the party asserting the CONFIDENTIAL or ATTORNEYS' EYES ONLY designation may require certification to that effect from any participant of this Order.

24.    This Court shall retain jurisdiction of this matter for purposes of enforcing the terms of this Order after conclusion of the underlying action. The Court may make such further Orders and directions as it deems appropriate or necessary concerning the subject matter of this Protective Order including, without limitation, orders modifying, extending, limiting or vacating any or all of the provisions contained herein.

25.    This Protective Order shall not preclude any PARTY from applying to the Court for further or additional protective orders, or from agreeing with the other PARTIES to modify this Protective Order, subject to the approval of the Court.

**IT IS SO ORDERED:**

Dated:  February 1, 2013            By: _____

            Hon. Magistrate Judge Paul L. Abrams

[PROPOSED] PROTECTIVE ORDER

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## Attachment A

I _____, declare under penalty of perjury under the laws of the United States of America, as follows: I am fully familiar with the terms of the Stipulation and Protective Order entered in *RBC Bearings Incorporated v. Caliber Aero, LLC, et al.*, United States District Court, Central District of California, Case No.: 8:12-cv-1442-FMO-(PLAx), and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of the Court. I hereby consent to the jurisdiction of said Court for the sole purpose of enforcing this Order.


Dated: _____          _____
                                              Printed Name


                                              _____
                                              Signature


                                              _____
                                              Location


                                              _____
                                              Company


                                              _____
                                              Telephone

[PROPOSED] PROTECTIVE ORDER